JOHN E. SPERL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sperl v. Commissioner
Docket No. 9347-91
United States Tax Court
T.C. Memo 1993-515; 1993 Tax Ct. Memo LEXIS 526; 66 T.C.M. (CCH) 1221; November 9, 1993, Filed *526 Decision will be entered under Rule 155. John E. Sperl, pro se. Helen F. Rogers, for respondent. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency in petitioner's 1987 Federal income tax and additions to tax as follows: Additions to Tax
Sec.
Sec.
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
$ 18,288
$ 914
50 percent of the interest due on
the portion of the underpayment
attributable to negligence.
All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The primary issue for decision is the amount of petitioner's tax basis in the stock and indebtedness of John E. Sperl & Son, Inc. (S & S Inc.), a small business corporation (subchapter S corporation). Petitioner contends that his basis in the stock of S & S Inc. was $ 20,000 and that his basis in the indebtedness of S & S Inc. was $ 155,594. Respondent contends that petitioner had no basis in either the stock or the indebtedness of S & S Inc. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided *527 in Baltimore, Maryland, at the time the petition was filed. On September 6, 1966, S & S Inc. was incorporated as a subchapter C corporation in the State of Maryland. S & S Inc. was engaged in the business of constructing residential homes. Petitioner was the sole shareholder of S & S Inc. At the time of S & S Inc.'s incorporation in 1966, petitioner contributed $ 20,000 in cash to S & S Inc. in exchange for all of the stock of the corporation. Petitioner never received any distribution from S & S Inc. of any portion of his initial $ 20,000 cash contribution. On or about January 27, 1987, petitioner submitted to respondent a Form 2553 (Election by a Small Business Corporation) and elected to have S & S Inc. treated, beginning January 1, 1987, as a subchapter S corporation. Generally, business expenses and other debt obligations of S & S Inc. were paid out of funds in S & S Inc.'s checking account. Petitioner, however, if the funds in S & S Inc.'s checking account were insufficient, would pay with his own funds certain business expenses and other debt obligations of S & S Inc. The business expenses and debt obligations of S & S Inc. that were paid by petitioner with his funds *528 were reflected in records maintained by petitioner and by S & S Inc. as loans by petitioner to S & S Inc. When S & S Inc. had funds available, these loans would be repaid to petitioner. On February 3, 1984, petitioner loaned $ 800 directly to S & S Inc. During 1983, 1984, and 1985, S & S Inc. owned various parcels of residential real estate, including parcels located at 9900 Nearbrook Lane, and at 10 Foxbriar Lane, Baltimore, Maryland. Petitioner paid various debt obligations of S & S Inc. relating to these parcels of real estate as follows: Debt Obligations of S & S Inc.
Debt Obligations of S & S Inc.
Paid by Petitioner
Paid by Petitioner
Relating to the Property
Relating to the Property
Year
Located at 9900 Nearbrook Lane
Located at 10 Foxbriar Lane
1983
$   32 --
1984
8,517
10,405
1985
4,574
23,387
Totals
$ 13,123
$ 33,792
All of the debt obligations of S & S Inc. relating to the property located at 10 Foxbriar Lane that were paid by petitioner in 1985 were paid before April of 1985. From the beginning of 1984 until early August of 1985, petitioner's son, Daniel Sperl, lived in the residence owned by S & S Inc. at 9900 Nearbrook *529 Lane. Daniel Sperl did not pay any rent to either petitioner or to S & S Inc. for his use of this residence. The approximate monthly payment owed by S & S Inc. with respect to the mortgage outstanding on the residence and property located at 9900 Nearbrook Lane was $ 631 in 1984 and $ 640 in 1985. During late 1984 and early 1985, S & S Inc. paid for the construction of a residence on the property at 10 Foxbriar Lane. In early August of 1985, Daniel Sperl purchased from S & S Inc. the residence and property located at 10 Foxbriar Lane. During 1985, petitioner wrote on his personal checking account 4 checks totaling $ 550 to Daniel Sperl. The evidence does not indicate the purpose for these checks. On January 14, 1986, petitioner paid with his own funds $ 5,591 in settlement of an unspecified obligation of S & S Inc. During 1985, petitioner was not paid $ 78,000 in wages that were due him from S & S Inc. During 1986 and 1987, petitioner paid a total of $ 19,994 for expenses and debt obligations relating to the property located at 10 Foxbriar Lane. For 1966 through 1983, S & S Inc.'s Federal corporate income tax returns were prepared by accountants. For 1984 and subsequent *530 years, petitioner's wife, Susan Sperl, assumed the responsibility of maintaining S & S Inc.'s financial records and of preparing S & S Inc.'s Federal corporate income tax returns. Petitioner's total cash investment in S & S Inc. was consistently reflected on S & S Inc.'s Federal corporate income tax returns as $ 20,000. Also reflected on S & S Inc.'s Federal corporate income tax returns was a debt obligation of $ 3,744 with respect to purported loans received from petitioner. On petitioner's 1985 Federal income tax return, petitioner did not report as income any of the $ 78,000 of unpaid wages. On S & S Inc.'s 1987 Federal corporate income tax return, there was reported $ 251,409 in net operating losses. On petitioner's 1987 Federal income tax return, petitioner claimed a deduction of $ 251,409 as a pass-through loss with respect to S & S Inc.'s losses for 1987. On audit of petitioner's 1987 Federal income tax return, respondent determined that petitioner had no basis in the stock of S & S Inc. and that petitioner had no basis in any indebtedness of S & S Inc., and respondent therefore disallowed for 1987 the entire deduction claimed by petitioner with respect to the pass-through *531 of S & S Inc.'s net operating losses. OPINION Under section 1366, subchapter S corporate income, losses, and deductions are passed through pro rata to the shareholders. The total amount, however, of pass-through losses and deductions that can properly be claimed by shareholders of subchapter S corporations is limited under section 1366(d) to the sum of the shareholders' adjusted bases in the stock of the corporation and the shalreholders' adjusted bases in any indebtedness owed by the corporation to the shareholders. [1]
*532 The shareholders' adjusted bases in indebtedness of a corporation to the shareholders are reduced by repayment of the indebtedness. See, e.g., . Indebtednessto shareholders may be deemed to be repaid if corporate property or corporate services are transferred or made available to the shareholders or to members of the shareholders' immediate family. Cf. , affd. ; , affd. without published opinion . Unpaid wages owed to shareholders for services performed for a corporation do not increase the shareholders' bases in indebtedness of the corporation unless the shareholders have previously reported the unpaid wages as income. ; see also , affd. . *533 Petitioner alleges that, as of the end of 1987, his adjusted basis in the stock of S & S Inc. was $ 20,000 and that his adjusted basis in S & S Inc.'s indebtedness to him was $ 155,594. The alleged $ 155,594 basis in the indebtedness of S & S Inc. consists of the following: (1) Alleged payments by petitioner in the total amount of $ 73,050 to cover obligations of S & S Inc. (including the $ 66,909 in payments relating to the real estate properties located at 9900 Nearbrook Lane and at 10 Foxbriar Lane, the payment of the $ 5,591 settlement on January 14, 1986, and the $ 550 that petitioner alleges he paid to Daniel Sperl for services performed for S & S Inc.); (2) the $ 800 loan of February 3, 1984, that petitioner made to S & S Inc.; (3) an additional $ 3,744 that petitioner allegedly loaned to S & S Inc.; and (4) the $ 78,000 in wages owed to petitioner by S & S Inc. Respondent acknowledges that petitioner has established a basis of $ 19,514 in the indebtedness of S & S Inc. (namely, petitioner's payment of $ 13,123 of S & S Inc.'s debt obligations relating to the property at 9900 Nearbrook Lane, petitioner's February 3, 1984, loan of $ 800 to S & S Inc., and petitioner's payment *534 on January 14, 1986, of a $ 5,591 debt obligation of S & S Inc.). Respondent contends, however, that no additional basis has been established and that the $ 19,514 basis that has been established should be reduced to zero as a result of actual or deemed repayments by S & S Inc. of its indebtedness to petitioner. Based upon the evidence in this case, we conclude that, as of December 31, 1987, petitioner's basis in the stock of S & S Inc. was $ 20,000. With regard to petitioner's alleged basis of $ 155,594 in the indebtedness of S & S Inc., in addition to the $ 19,514 of payments that respondent acknowledges increased petitioner's basis in the indebtedness of S & S Inc., between November 5, 1984, and August 10, 1985, petitioner paid a total of $ 33,792 relating to the construction of the residence on the property located at 10 Foxbriar Lane. These were payments for obligations of S & S Inc. because the property and the residence that was constructed at 10 Foxbriar Lane were owned by S & S Inc. during that period. We hold that these payments increased petitioner's basis in the indebtedness of S & S Inc. After August of 1985, however, the property located at 10 Foxbriar Lane was *535 no longer owned by S & S Inc. and therefore petitioner's payments of $ 19,994 relating to the property located at 10 Foxbriar Lane that were made during 1986 and 1987 did not pertain to any indebtedness of S & S Inc. and did not increase petitioner's basis. Also, during the period that the property located at 9900 Nearbrook Lane was owned by S & S Inc., its rent-free use by Daniel Sperl must be treated as a reduction of petitioner's basis in the indebtedness of S & S Inc. We therefore estimate that S & S Inc.'s indebtedness to petitioner was reduced by $ 7,572 in 1984 and by $ 5,120 in 1985 (amounts equal to the monthly payments owed by S & S Inc. with respect to the mortgage outstanding on the residence and property located at 9900 Nearbrook Lane for the months that petitioner's son used the property), for a total reduction of $ 12,692. With respect to the $ 3,744 in purported loans that petitioner made to S & S Inc. and that were reflected on S & S Inc.'s Federal corporate income tax returns, we believe the evidence is inadequate to substantiate these loans. Petitioner has also failed to substantiate that his payments of $ 550 to his son related to any debt obligation of S & *536 S Inc. We conclude that petitioner is not entitled to include as part of his basis in the indebtedness of S & S Inc. either the $ 3,744 of purported loans or the $ 550 that he paid to Daniel Sperl. Petitioner did not report in his income for 1985, or any other year, the $ 78,000 of unpaid wages owed to him by S & S Inc. Petitioner, therefore, has no basis in the unpaid wages, and the unpaid wages cannot increase petitioner's basis in the indebtedness to him of S & S Inc. In summary, we conclude that, as of December 31, 1987, petitioner's basis in the indebtedness of S & S Inc. is to be computed as follows: Petitioner's February 3, 1984, Loan to S & S, Inc.
800 Petitioner's 1983, 1984, and 1985 Payments
Relating to 9900 Nearbrook Lane
13,123 Petitioner's 1984 and 1985 Payments
Relating to 10 Foxbriar Lane
33,792 Petitioner's January 14, 1986, Payment in
Settlement of S & S Inc. Debt Obligation
5,591 Daniel Sperl's 1984 and 1985 Rent-free Use of
9900 Nearbrook Lane
(12,692)
Petitioner's Total Basis in Indebtedness of S & S Inc.
$ 40,614 Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1)(A) and (B) for 1987. *537 Petitioner has the burden of proof to show that respondent erroneously determined these additions to tax. Rule 142(a). Petitioner has not offered any evidence nor made any convincing arguments regarding these additions to tax. We sustain respondent's determination of additions to tax under section 6653(a)(1)(A) and (B). Decision will be entered under Rule 155. Footnotes
1. Sec. 1366(d)(1) provides as follows: (d) Special Rules for Losses and Deductions. -- (1) Cannot exceed shareholder's basis in stock and debt. -- The aggregate amount of losses and deductions taken into account by a shareholder under subsection (a) for any taxable year shall not exceed the sum of -- (A) the adjusted basis of the shareholder's stock in the S corporation (determined with regard to paragraph (1) of section 1367(a) for the taxable year), and (B) the shareholder's adjusted basis of any indebtedness of the S corporation to the shareholder (determined without regard to any adjustment under paragraph (2) of section 1367(b) for the taxable year).↩